THE PEOPLE v. ZAPATER.

APPEAL from the District Court of San Juan.

No. 12.—Decided May 31, 1906.

APPEAL—EVIDENCE—BILL OF EXCEPTIONS—STATEMENT OF FACTS—INSTRUCTIONS TO THE JURY.—Where there is no bill of exceptions or statement of facts, the

evidence taken at the trial cannot be considered by the appellate court, nor can the instructions of the court to the jury be used as a substitute for those documents.

BURGLARY.—According to the information filed in this case, the defendant entered the bedroom of his mother-in-law and took a sum of money which was concealed in a trunk. *Held:* That the said facts comprise all of the evidence necessary to constitute the crime of burglary, and the relation of the defendant to his mother-in-law cannot exempt him from criminal liability.

The facts are stated in the opinion.

*Mr. Hernández López* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal taken by José Zapater from a decision of the District Court of San Juan, denying him a new trial, and from the judgment of conviction pronounced by said court.

The information duly sworn to, which was the origin of the trial, reads as follows:

"José Zajater, Lorenzo García and Ramón Pujol are accused, by information filed by the *fiscal*, of the crime of burglary in the second degree, a felony, committed as follows: The said José Zapater, Lorenzo García and Ramón Pujol, on or about the 14th of July, 1905, in the district of San Juan, with criminal intent entered one of the rooms occupied by Pilar Hernández, where they broke into a trunk, removing from the interior thereof $300 belonging to the aforesaid Pilar, appropriating the same to their own use, and of which $185, found in the house of Ramón Pujol, have been recovered. This act is contrary to the law in such case made and provided, and against the peace and dignity of The People of Porto Rico."

A trial by jury having been held at the request of the defendant, the jury, in view of the result of the evidence, found José Zapater guilty of burglary in the second degree; and after overruling a motion for a new trial, based on subdivision 6 of section 303 of the Code of Criminal Procedure—that is to say, on the ground that the verdict was contrary to law—the San Juan court rendered judgment on November 29, 1905, sentencing Zapater to imprisonment for two years at hard labor in the penitentiary of this Island.

Counsel for the defendant took an appeal from the order denying the motion for a new trial and from the judgment, which the *fiscal* opposed and which counsel for the appellant sustained, alleging at the hearing that the crime of burglary had not been committed because Zapater did not enter another's house, but the same house in which he lived, for the purpose of taking the money, and that the money taken belonged to the heirs of his deceased father.

This allegation is based on the charge of the judge to the jury, the pertinent section of which says:

"Therefore, if you arrive at the conclusion that this man sitting on the prisoner's bench, conspired with another person and went to the house where he lived, and having knowledge of the fact that in the room occupied by his mother-in-law there was within a trunk a certain sum of money belonging to all the heirs; if you believe that accompanied by another person he entered said other room for the purpose of appropriating said sum, you have sufficient elements upon which to return a verdict of guilty."

This charge as it appears in the record, is not authenticated by the judge, but the latter, after the hearing, issued a certificate to the effect that it was the same charge he had given the jury.

Although we believe that this form of authenticity is extemporaneous on account of its tardiness, and that the charge to the jury cannot supply the deficiency of a bill of exceptions or statement of facts, which is the proper means of attacking the findings of the jury upon the facts, we do not see that the charge transcribed offers the slightest ground in support of the plea of not guilty made by the appellant, because if he entered the room of his mother-in-law and appropriated a sum of money which she kept there in a trunk and which did not belong to him exclusively, it is evident that he performed all the acts which go to make up the crime of burglary provided for in section 408 of the Penal Code in force, without his relation by affinity to his mother-in-law exempting him from criminal liability under the said Code.

We do not find, therefore, any legal ground for a new trial or the reversal or modification of the judgment rendered; consequently, the said judgment should be affirmed as well as the order denying the motion for a new trial, with the costs of the appeal against the appellant, José Zapater.

*Affirmed.*

Chief Justice Quiñones, and Justices Figueras, MacLeary and Wolf concurred.